STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

A&M METALS PROCESSING, LLC,

     Plaintiff,

v.                                                                    CASE NO. 8:17-cv-268-T-23JSS

STERICYCLE, INC.,

     Defendant.

_____/

## ORDER

In October 2013, Stericycle agreed to provide Scrap King with several thousand pounds of "recycleable material" each month.  (Doc. 2 at 7–11, the Stericyle-Scrap King contract)  Under the contract, "recycleable material" excludes "regulated medical waste."  (Doc. 2 at 7)  Alleging that Stericyle furnished regulated medical waste, A&M Metals Processing sued Stericyle in state court for breach of contract, fraudulent inducement, and negligence.  Stericycle removes (Doc. 1) the action and invokes diversity jurisdiction.  Arguing that A&M "lacks standing" to sue Stericyle for breach of contract and fraudulent inducement and arguing that the "independent tort rule" bars the negligence and fraudulent inducement claims, Stericyle moves (Doc. 8) to dismiss "the complaint" with prejudice under Rule 12(b)(6), Federal Rules of Civil Procedure.

**DISCUSSION**

## 1. Breach of contract

Despite moving under Rule 12(b)(6) to dismiss the complaint, Stericycle

argues that A&M is not the real party in interest to this action.  (Doc. 8 at 5, for

example, stating that "A&M does not have standing to sue Stericycle for breach of

contract")  Rule 17 requires prosecution of an action by the "real party in interest,"

that is, the owner of the right "enforced through the litigation." *Moore's Federal*

*Practice*, Vol. 4 § 17.10 (Matthew Bender 3d ed.).  In a diversity action, state law

determines the real party in interest.  *United States v. 936.71 Acres of Land, More or Less,*

*in Brevard Cty.*, 418 F.2d 551, 556 (5th Cir. 1969).

Under Illinois law, which governs the claim for breach of contract (Doc. 2

at 9), a contracting party, a third-party beneficiary, or an assignee can sue for breach

of contract.[1]  Neither a contracting party nor a third-party beneficiary, A&M can sue

only if an assignee.  A contractual assignment clause states:

> This Agreement shall be binding upon and inure solely to the benefit of
> the parties and their permitted assigns.
> . . . .
>
> Neither party shall assign this Agreement without the other party's
> prior written consent.

---

[1] Objecting to Stericycle's invocation of the contract, A&M correctly states that a
Rule 12(b)(6) motion tests the sufficiency of a pleading. (Doc. 13 at 4–5) But under Rule 10(c), a
"written instrument that is an exhibit to a pleading is a part of the pleading," and a contract is a
written instrument. *Garner's Dictionary of Legal Usage* at 467 and 957 (3d ed. 2011) (equating "written
instrument" with "instrument" and defining "instrument" as "a formal legal document that entails
rights, duties, and liabilities, such as a contract"). Because Rule 10(c) incorporates the contract into
the pleading, the contract can contribute to the resolution of the Rule 12(b)(6) motion.

(Doc. 2, the Stericyle-Scrap King contract at 3)  Because the complaint contains no

allegation that Scrap King assigned the contract to A&M and that Stericyle

consented in writing to the assignment, A&M fails to state a claim for breach of

contract and cannot sue Stericycle for breach of the Stericycle-Scrap King contract.

## 2. Fraudulent inducement

The parties agree that Florida law governs a tort claim in this action.  Under

Florida law, a defendant fraudulently induces a plaintiff to contract by knowingly

misrepresenting a material fact on which the defendant intended the plaintiff to rely

and on which the plaintiff reasonably relied in contracting.  *Johnson v. Davis*,

480 So. 2d 625, 627 (Fla. 1985).  Because Scrap King, not A&M, contracted with

Stericyle, A&M fails to state a claim for fraudulent inducement and cannot sue

Stericycle for fraudulent inducement.

## 3. Amount in controversy

To establish that the amount in controversy exceeds $75,000, Stericycle's

notice of removal appears to rely exclusively on damages attendant to A&M's claims

for breach of contract and fraudulent inducement.  (Doc. 1 at 4–7)  Because A&M is

not the real party in interest to the claims for breach of contract and fraudulent

inducement, Stericycle cannot rely on damages from those claims to establish the

amount in controversy.  *Ryan v. Flame Refractories, Inc.*, 759 F.Supp. 774, 777–78

(S.D. Ala. 1991) (Butler, J.) (citing *Myers v. Long Island Lighting Co.*, 623 F.Supp. 1076

(E.D.N.Y. 1985) (Wexler, J.)).  No later than **APRIL 21, 2017**, Stericycle must

submit a memorandum that shows the amount in controversy from A&M's negligence claim more likely than not exceeded $75,000 on February 2, 2017, the day of removal.  The memorandum, supported by a record showing of fact, must not exceed ten pages.  Determination of Stericycle's motion to dismiss the negligence claim is **DEFERRED** until Stericyle proffers evidence sufficient to invoke diversity jurisdiction.  The failure to timely proffer evidence that the amount in controversy from the negligence claim exceeded $75,000 on February 2, 2017, will result in the remand of this action without further notice.  If Stericycle's memorandum warrants a response, an order will direct A&M to respond.

### 4. Motion to intervene by Linda Zalkin

Linda Zalkin moves (Doc. 17) to intervene under Rule 24.  Zalkin, who purportedly owns the property onto which Scrap King deposited Stericycle's medical waste, leases the property to A&M.  (Doc. 17)  Under 28 U.S.C. § 1367(b), a prospective intervenor who asserts a claim in a diversity action must invoke diversity jurisdiction, but Zalkin fails to state her citizenship, Stericycle's citizenship, or A&M's citizenship and fails to show that the amount in controversy from Zalkin's claim exceeds $75,000.  Additionally, Rule 24(c) requires a prospective intervenor to submit "a pleading that sets out the claim or defense for which intervention is sought," but Zalkin fails to submit a pleading.  Zalkin's motion to intervene warrants denial for failure to invoke diversity jurisdiction, failure to comply with Rule 24's pleading requirement, and failure to comply with Local Rule 3.01(g).

**CONCLUSION**

Neither a party to the Scrap King-Stericyle contract nor an assignee of Scrap King's rights under the contract, A&M cannot sue Stericycle for allegedly breaching the Stericycle-Scrap King contract or for fraudulently inducing Scrap King to contract with Stericycle.  The motion (Doc. 8) to dismiss is **GRANTED-IN-PART**. The claims for breach of contract and fraudulent inducement are **DISMISSED**, and the disposition of the negligence claim is **DEFERRED**.  Determination of A&M's motion (Doc. 13) to substitute Scrap King as plaintiff is **DEFERRED**.  The motion (Doc. 17) to intervene is **DENIED**.  No later than **APRIL 21, 2017**, Stericycle must submit a memorandum and record sufficient to show that the amount in controversy from A&M's negligence claim more likely than not exceeded $75,000 on February 2, 2017.

ORDERED in Tampa, Florida, on March 31, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE